**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

Plaintiff,

vs. No. CR 04-1195 JB

SERGIO ROSALES-VALDEZ,

Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on Defendant Sergio Rosales Valdez's Motion for Downward Departure Based on the Over-Representation of Mr. Sergio Rosales-Valdez's Criminal History and Other Factors, filed April 25, 2005 (Doc. 37). The Court held a sentencing hearing on May 16, 2005. Consistent with the Court's ruling at the hearing on this motion, and for the reasons given at the time of the hearing, the Court will overrule Rosales-Valdez' objection to the Presentence Report ("PSR") and will deny Rosales-Valdez motion for downward departure. The Court will, however, deviate from the prescribed Guidelines sentence and impose a sentence of twenty-four months.

**FACTUAL BACKGROUND**

Rosales-Valdez was convicted of Attempted Aggravated Assault on May 11, 1993, Misdemeanor Disorderly Conduct (2 counts) on July 22, 1993, and twice for Re-Entry after Deportation, on May 10, 1999, and on April 22, 2003. See Presentence Report ¶¶ 11, 19-22, at 5-9 (revised March 14, 2005)(hereinafter "Revised PSR").

According to the police report for Rosales-Valdez' Attempted Aggravated Assault conviction,

on January 23, 1993, Rosales-Valdez was involved in an altercation with two patrons of a bar and was asked to leave. See PSR ¶ 19, at 6. He left the bar, but later returned and pointed a shotgun at three people inside the bar. See id. Police officers went to the bar and were provided a description of Rosales-Valdez' vehicle. See id.

Rosales-Valdez was later apprehended. See id. At the time of his arrest, he was found to have a blood alcohol content of 0.172 percent and an unloaded shot gun was in the vehicle. See id. Rosales Valdez received seven days in jail, $224 fine, 100 hours of community service, and three years of supervised release. See id.

## PROCEDURAL BACKGROUND

In a rule 11(c)(1)(C) plea agreement dated June 23, 2004, the United States and Rosales-Valdez agreed to an offense level of nine, which under the Guidelines would have given a sentencing range of twelve to eighteen months. The Court rejected that plea agreement. See Memorandum Opinion and Order, filed December 17, 2004 (Doc. 23).

In the revised PSR, Rosales-Valdez' received a sixteen-level increase because he has a felony conviction, which was a crime of violence. See Revised PSR ¶ 11, at 5; Memorandum Opinion and Order at 17-19. His offense level is twenty one, which gives him a Guideline range of fifty-seven to seventy-one months.

Rosales-Valdez objects to the sixteen-level enhancement and moves for a downward departure in his sentencing. Rosales-Valdez requests that the Court retain the criminal history category of IV, but depart to an offense level of nine for a Guidelines sentencing range of twelve to eighteen months, the same sentence that he would have received if the Court had not rejected the original plea agreement. Alternatively, Rosales-Valdez asks the Court to apply its discretion under

United States v. Booker, 543 U.S. ___, 125 S.Ct. 738 (2005), and requests a just and reasonable sentence of no more than twenty-four months. The United States opposes Rosales-Valdez' request.

**U.S.S.G. § 2L1.2**

Pursuant to § 2L1.2, Application Note (B)(iii), a crime of violence means the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, sexual abuse of a minor, robbery, arson, extortion, extortionate extension of credit, burglary of a dwelling, or any offense under federal, state, or local law that has an element the use, attempted use, or threatened use of physical force against the person of another. According to § 2L1.2, Application Note (6), a conviction taken into account under subsection (b)(1) is not excluded from consideration regardless whether that conviction receives criminal history points pursuant to Chapter Four, Part A (Criminal History).

**LAW REGARDING DOWNWARD DEPARTURES**

According to U.S.S.G. § 4A1.3, Application Note (6), a downward departure from the defendant's criminal history may be warranted if, for example, the defendant had two misdemeanor convictions close to ten years before the offense before the court and no evidence of prior criminal behavior in the intervening period.

U.S.S.G. § 5H1.4, Physical Condition, Including Drug or Alcohol Dependence or Abuse, allows for a departure in extraordinary circumstances where, in the case of a seriously infirm defendant, home detention may be as efficient and less costly than imprisonment.

**UNITED STATES v. BOOKER AND 18 U.S.C. § 3553(a)**

In United States v. Booker, the Supreme Court of the United States held that its decision in Blakely v. Washington, 542 U.S. ___, 124 S.Ct. 2531 (2004), applied to the federal Sentencing

Guidelines. See United States v. Booker, 125 S.Ct. at 749 ("[T]here is no distinction of constitutional significance between the Federal Sentencing Guidelines and the Washington procedures at issue in [Blakely]."); id. at 755 ("[O]ur holding in Blakely applies to the Sentencing Guidelines."). Consequently, the Supreme Court held unconstitutional two provisions of the federal sentencing statute that made the Guidelines binding and mandatory on district courts assessing sentences, and held that they must be excised from the statute. See id. at 756-57, 764-65. Specifically, the Supreme Court excised 18 U.S.C. § 3553(b)(1), which made the Guidelines mandatory, and 18 U.S.C. § 3742(e), which set the standard of review of sentences on appeal, including the provision for de novo review of departures from the Guidelines. See United States v. Booker, 125 S.Ct. at 756-57, 764-65. The result is that the Guidelines remain in effect, but are advisory, not mandatory, and courts of appeal must review sentences for "unreasonableness." Id. at 757, 765-67, 769.

The Supreme Court left intact all other provisions of the Sentencing Reform Act, including 18 U.S.C. § 3553(a). See United States v. Booker, 125 S.Ct. at 757, 764-65. Section 3553(a) provides:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed--
>
> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines--

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; or

(B) in the case of a violation of probation or supervised release, the applicable guidelines or policy statements issued by the Sentencing Commission pursuant to section 994(a)(3) of title 28, United States Code, taking into account any amendments made to such guidelines or policy statements by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28);

(5) any pertinent policy statement--

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C § 3553(a)(1)-(7).

The Supreme Court in United States v. Booker noted that guideline calculations under the Guidelines were one of the factors that a sentencing court must consider under 18 U.S.C. § 3553(a) and that the sentencing court should take all those factors into account in fashioning a sentence within the statutorily provided sentence range. See United States v. Booker, 125 S.Ct. at 767. Section 3553(a) continues to require sentencing judges to take certain factors into account when imposing a sentence, including "the kinds of sentence and the sentencing range established" by the Guidelines. 18 U.S.C. § 3553(a)(4). The Supreme Court preserved "Congress' basic goal in passing the Sentencing Act [which] was to move the sentencing system in the direction of increased uniformity." United States v. Booker, 125 S.Ct. at 761. Sentencing systems that operate solely upon the principle of unguided discretion lack uniformity and accountability. See Blakely v. Washington, 124 S.Ct. at 2544-45 (O'Connor, J., dissenting).

Moreover, § 3553(c) of the Sentencing Reform Act, which Congress amended in 2003 to place limitations on departures from the Guidelines, also remains intact. The Sentencing Reform Act still requires sentencing judges to state in writing their reasons for departing from the Guidelines:

> The court, at the time of sentencing, shall state in open court the reasons for its imposition of the particular sentence, and, if the sentence--
>
> * * * *
>
> (2) . . . is outside the range, described in subsection (a)(4), the specific reason for the imposition of a sentence different from that described, which reasons must also be stated with specificity in the written order of judgment and commitment . . . .

18 U.S.C. § 3553(c)(2).

Taking into account this provision of 18 U.S.C. § 3553, a reasonable sentence under United

States v. Booker is one that "reflect[s] the seriousness of the offense, promote[s] respect for the law, provide[s] just punishment, afford[s] adequate deterrence, protect[s] the public, and effectively provide[s] the defendant with needed educational or vocational training and medical care." United States v. Booker, 125 S.Ct. at 765 (citing 18 U.S.C. § 3553(a)(2)). A reasonable sentence is also one that takes into account "the pertinent Sentencing Commission policy statements, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims." United States v. Booker, 125 S.Ct. at 764-65 (citing 18 U.S.C. §§ 3553(a)(1), (3), (5)-(7)). See 18 U.S.C. § 3553(a)(6)(directing the court to consider "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"). Moreover, under United States v. Booker, the Guidelines form a useful starting point for the sentencing court's determinations, and the Supreme Court has required the sentencing court to consider the Guidelines along with the other factors under § 3553(a). See United States v. Booker, 125 S.Ct. at 767. Over the last sixteen years, the Sentencing Commission has promulgated and honed the Guidelines to achieve these congressional purposes. Thus, a reasonable sentence often, and perhaps most often, will be one that is within the appropriate guideline range.

**ANALYSIS**

While the Court does not believe that the facts and circumstances of Rosales-Valdez' case warrant a downward departure under the Guidelines, the Court concludes that some of the arguments he makes for a downward departure justify a deviation from the Guidelines sentence. The United States Attorney's Office, before it discovered the 1993 Arizona conviction for Attempted Aggravated Assault, was comfortable with a sentence of twelve to eighteen months. While the Court thinks that the sentence should reflect this violent crime, the conviction is so old it does not could toward his

criminal history category and the Court thinks that fifty-seven months, the minimum of the Guidelines range, is too high for such an old conviction.

## I.   THE PRESENTENCE REPORT PROPERLY INCREASES ROSALES-VALDEZ' OFFENSE LEVEL BY 16 LEVELS.

Rosales-Valdez objects to the revised PSR, which Probation disclosed on March 14, 2005. Specifically, Rosales-Valdez objects to the 16-level increase of his offense level in paragraph 11 on page 5. See Revised PSR ¶ 11, at 5. Rosales-Valdez' crime is a crime of violence, as it is the attempt of an enumerated crime under § 2L1.2, n.1(B)(iii). And that Rosales-Valdez did not receive any criminal history points for his Attempted Aggravated Assault conviction -- the conviction was too old -- does not preclude him from receiving an adjustment under U.S.S.G. § 2L1.2(b)(1).

At the sentencing hearing, Rosales-Valdez conceded that, under the Guidelines, the United States Probation office correctly calculated the sixteen-point enhancement. See Transcript of Hearing at 4:9-20.[1] Thus, because the Probation Office appropriately applied the Guidelines, the 16-level increase is warranted under the Guidelines. See Memorandum Opinion and Order, filed December 17, 2004 (Doc. 23).

## II.   THE COURT WILL NOT DEPART DOWNWARD ON THE GROUNDS THAT ROSALES-VALDEZ' CRIMINAL HISTORY IS OVER-REPRESENTED.

Rosales-Valdez moves the Court to depart downward on the grounds that his criminal history over-represents the charge for which he has plead guilty. At the sentencing hearing, Rosales-Valdez conceded that, under the Guidelines, a downward departure on the basis of over-representation of Rosales-Valdez' criminal history is not warranted. See Transcript of Hearing at 8:21-22; 13:11-14.

---

[1] The Court's citations to the transcript of the hearing refer to the Court Reporter's original, unedited version. Any finalized transcript may contain slightly different page and/or line numbers.

Under the commentary to § 4A1.3, the Sentencing Commission noted that a "downward departure from the defendant's criminal history category may be warranted if, for example, the defendant had two minor misdemeanor convictions close to ten years prior to the instant offense and no other evidence of prior criminal behavior in the intervening period." U.S.S.G. § 4A1.3, n.3. Rosales-Valdez' situation, however, is different from that which the commentary contemplated. First, Rosales-Valdez' conviction was for attempted aggravated assault. Second, while this felony conviction is more than ten years old, Rosales-Valdez has two felony convictions -- in 1999 and 2003 -- for Re-Entry after Deportation. As the offense before the Court is his third Re-Entry conviction within the last six years, a downward departure is not warranted.

Even if authorized, the Court will exercise its discretion not to depart because, under the facts and circumstances of this case, departure is not warranted. Rosales-Valdez' criminal history is within the heartland of cases, and so the Court exercises its discretion not to depart.

**III. THE COURT WILL NOT DEPART DOWNWARD ON THE GROUNDS OF ROSALES-VALDEZ' MEDICAL CONDITION.**

After a review of Rosales-Valdez' medical history, it appears that his medical conditions are under control with his medications. It does not appear that his health problems are extraordinary. Under § 5H1.4, while physical condition is normally not relevant in determining whether to depart from the Guidelines, "an extraordinary physical impairment may be a reason to depart downward." U.S.S.G. § 5H1.4. While downward departure is authorized on the basis of extraordinary medical conditions, the facts and circumstances of this case do not warrant departure. Rosales-Valdez' medical condition appears to be under control with medicine and does not constitute an extraordinary medical condition warranting departure. Thus, a downward departure is not warranted.

A recommendation to a Bureau of Prisons Medical Facility is appropriate. The Bureau of Prisons has medical facilities to accommodate Rosales-Valdez' medical needs. At his sentencing, Rosales-Valdez did not disagree with this assessment, but want the Court to use his health as a reason to depart and lower his sentence.

The Court has difficulty seeing how Rosales-Valdez' medical history justifies a lower sentence. Unfortunately, many defendants who stand before federal courts for sentencing and in prison have some health problems. The Court has trouble distinguishing Rosales-Valdez from many others who come before this Court and other federal courts. In any case, the Court chooses not to depart because it does not believe that a departure is warranted under the facts and circumstances. And even if departure were warranted under the facts of this case, the Court would exercise its discretion not to depart. Rosales-Valdez' case falls within the heartland of cases the Sentencing Commission envisioned when it promulgated the Guidelines.

## IV. THE COURT WILL DEVIATE UNDER UNITED STATES V. BOOKER FROM THE PROPOSED GUIDELINE RANGE.

Rosales-Valdez requests that, even if a downward departure under the Guidelines, the Court should nevertheless exercise its discretion and impose a sentence below that of the prescribed Guidelines range pursuant to United States v. Booker.

The Court has fully considered the applicable sentencing range based on the United States Sentencing Guidelines. In light of other sentencing goals, such as the seriousness of the offense, promoting respect for the law, providing just punishment, affording adequate deterrence, protecting the public, effectively providing the defendant with needed medical care, and otherwise fully reflecting each of the factors embodied in 18 U.S.C. § 3553(a), the Court declines to impose a sentence within

the range proscribed by the Sentencing Guidelines. The Court will impose a reasonable sentence that, although it varies from the Guidelines, will more effectively promote the sentencing goals outlined in 18 U.S.C. § 3553(a).

A sentence of twenty-four months, while it varies from the Guidelines, will more effectively promote the sentencing goals provided for in 18 U.S.C. § 3553(a). Under the Guidelines, the Arizona felony conviction for attempted aggravated assault enhanced his offense level sixteen points, but did not affect his criminal history calculation because of the conviction's age. Most of Rosalez-Valdez' criminal history is comprised of felony illegal-reentry. There is a need from some consequence for returning a crime of violence and for repeatedly to the United States, but a sentence of twenty-four months adequately provides such a consequence.

The United States was prepared to see Rosales-Valdez sentenced to twelve months until it learned of the 1993 Attempted Aggravated Assault. There should be some consequence for that conviction, but fifty-seven months for a conviction that is twelve-years old is too much. Accordingly, the Court will grant Rosales-Valdez' request for a deviation from the Sentencing Guidelines, and will impose a sentence of twenty-four months.

**IT IS ORDERED** that the Defendant's Objection to the Presentence Report is overruled and the Defendant's motion for downward departure is denied. The Defendant's request for a variation from the Guidelines sentence, however, is granted, and the Court will impose a sentence of twenty-four months.

James O. Browning

UNITED STATES DISTRICT JUDGE

*Counsel:*

Norman Cairns
  Assistant United States Attorney
Albuquerque, New Mexico

    *Attorney for the Plaintiff*

Lawrence E. Chacon
Albuquerque, New Mexico

    *Attorney for the Defendant*